FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CANDELARIO GARZA, | No. 10-17375 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-03095-FCD-GGH |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted April 17, 2012[**]
San Francisco, California

Before: GOODWIN, REINHARDT, and MURGUIA, Circuit Judges.

California state prisoner Candelario Garza appeals the district court's denial

of his 28 U.S.C. § 2254 petition challenging his jury conviction for inflicting

corporal injury on a spouse, dissuading a witness, and making criminal threats.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garza argues that the state trial court violated his federal due process rights and rendered his trial fundamentally unfair by admitting his former girlfriend's testimony about prior conduct as propensity evidence.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we may grant a habeas petition only if the state court's decision was "forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (quoting 28 U.S.C. § 2254(d)). A legal principle is "clearly established" within the meaning of 28 U.S.C. § 2254(d)(1) if "it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes*, 130 S. Ct. 1171, 1173 (2010) (citing *Carey v. Musladin*, 549 U.S. 70, 74 (2006)).

Although the Supreme Court has said the writ should issue "when constitutional errors have rendered the trial fundamentally unfair," the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley*, 568 F.3d at 1101. The Supreme Court reserved the issue of whether admitting other-crimes evidence to show conduct in conformity therewith violates due process. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991); *see also Alberni v. McDaniel*, 458 F.3d 860, 863 (9th Cir. 2006). Therefore, we

2

cannot conclude that the California Court of Appeal acted in an objectively unreasonable manner in concluding that the propensity evidence introduced against Garza did not violate due process.

**AFFIRMED.**

*Garza v. Yates*, No. 10-17375

REINHARDT, Circuit Judge, concurring.

I concur in the memorandum disposition. I write separately to express my view that *Holley v. Yarborough*, 568 F.3d 1091 (9th Cir. 2009) was wrongly decided, and merits reconsideration en banc at a future date. It is not true, as *Holley* held, that the introduction of "overtly prejudicial" evidence at trial could *never* be found to violate "clearly established federal law" because the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Id.* at 1101.

The Supreme Court has expressly left open the question of whether the introduction of *propensity* evidence would violate due process *because it was propensity evidence*. *See Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991). *Alberni v. McDaniel*, 458 F.3d 860 (9th Cir. 2006), therefore correctly held that there is no clearly established law that the admission of propensity evidence *per se* violates due process. *See id.* at 866-67. The Court has not, however, left open the question of whether the admission of *unduly prejudicial* evidence could violate due process. Although it has not held that the admission of a particular piece of evidence did, in fact, violate due process, the Court has stated that due process entitles a defendant to a trial that is fundamentally fair, and has applied this standard in holding that the

admission at trial of particular prejudicial evidence did not violate due process. *See Estelle*, 502 U.S. at 75; *Dowling v. United States*, 493 U.S. 342, 352 (1990). Thus, as we held in *Alberni*, "The Supreme Court has established a general principle that evidence that 'is so fundamentally unfair that its admission violates fundamental conceptions of justice' may violate due process." 458 F.3d at 864 (quoting *Dowling*, 493 U.S. at 352).

This "fundamental conceptions of justice" standard is a broad one. Most state court applications of it are therefore likely to be reasonable. *See Harrington v. Richter*, 131 S. Ct. 770, 778 (2011) ("[T]he more general the rule being considered, the more leeway courts have in reaching outcomes in case-by-case determinations.") (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Habeas petitioners are not, however, categorically foreclosed from prevailing on such a due process claim when the deferential 28 U.S.C. § 2254(d)(1) standard applies. In some cases, it undoubtedly would be unreasonable for a state court to conclude that the introduction of "overtly prejudicial" evidence did not violate due process. *Holley* is therefore wrong, and should be reconsidered in an appropriate case.